## IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF DELAWARE

TRI-M GROUP, LLC,                          )
                                           )
                        Plaintiff,         )
                                           )
            v.                             )          Civil Action No. 06-_____
                                           )
THOMAS B. SHARP, SECRETARY, DELAWARE       )
DEPARTMENT OF LABOR,                       )
                                           )
                        Defendant.         )
                                           )

## COMPLAINT

### NATURE OF ACTION

1.      Plaintiff Tri-M Group, LLC ("Tri-M") brings this civil rights action for compensatory, declaratory and injunctive relief against Defendant Thomas B. Sharp, Secretary of the Delaware Department of Labor ("DDOL"), based on DDOL's discriminatory and unconstitutional regulation of the employment of apprentices on state-funded construction projects in Delaware.  DDOL has discriminated against Tri-M and other out-of-state contractors by refusing to recognize their out-of-state registered apprentices for purposes of the Delaware Prevailing Wage Law, thereby burdening interstate commerce without justification in violation of the Commerce Clause of the United States Constitution.

### THE PARTIES

2.      Tri-M is a Pennsylvania limited liability company with its principal place of business in Kennett Square, Pennsylvania.  Tri-M is an electrical contracting company that has performed, and plans to continue to perform, work on state-funded construction projects in Delaware.

3.    Defendant Thomas B. Sharp ("Secretary Sharp") is Secretary of DDOL. DDOL is an agency of the Delaware state government charged with administering and enforcing the Delaware Prevailing Wage Law, 29 Del. C. § 6960 et seq., and related regulations.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 42 U.S.C. § 1988 in that this action involves questions arising under the Commerce Clause of Article I, § 8, cl. 3, of the United States Constitution. This litigation is also brought to resolve an actual controversy pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

5.    Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) because the defendant is an agency of the State of Delaware.

## STATEMENT OF FACTS

6.    Tri-M maintains an apprenticeship program that is registered with the Pennsylvania Apprenticeship and Training Council of the Pennsylvania Department and Labor and Industry ("PATC") under standards approved by PATC and the Federal Committee on Apprenticeship.

7.    Tri-M employs apprentice electricians who participate in Tri-M's apprenticeship program and are individually registered with PATC in that apprenticeship program pursuant to individual apprenticeship agreements.

8.    Tri-M was the successful bidder on the contract for electrical work at the Delaware State Veterans Home (the "Project"), a construction project in Milford, Delaware that is funded in part by Delaware state funds. Tri-M began work on the Project on or about August 26, 2005 and expects to be performing work on the Project until the fall of 2006 or later.

9.      Tri-M employed Pennsylvania-registered apprentices on the Project and initially paid them apprentice wage rates based on DDOL's prevailing wage determination for the Project.

10.      In May 2006, DDOL's Office of Labor Law Enforcement conducted a prevailing wage compliance audit of Tri-M's payroll records from the Project.

11.      On May 9, 2006, Daniel Nelson, a Labor Law Enforcement Officer with DDOL's Office of Labor Law Enforcement, informed Tri-M that it had violated the Delaware Prevailing Wage Law by paying apprentice rates to its Pennsylvania-registered apprentices who were not registered with DDOL.  A copy of Mr. Nelson's May 9 letter to Tri-M is attached as Exhibit A.

12.      Mr. Nelson informed Tri-M that it was required to either perform a self-audit and make payment for any prevailing wage deficiencies or submit to further investigation by DDOL's Office of Labor Law Enforcement and face potential legal action and civil penalties. See Exhibit A.

13.      Tri-M was forced to perform a self-audit to avoid the legal action and civil penalties threatened by DDOL's Office of Labor Law Enforcement.

14.      As a result of its self-audit, Tri-M determined that it had paid apprentice rates to six (6) Pennsylvania-registered apprentices who, according to Mr. Nelson's May 9 letter, would not be recognized by  DDOL's Office of Labor Law Enforcement for purposes of the Delaware Prevailing Wage Law.  According to Mr. Nelson's letter, Tri-M was not permitted to pay apprentice rates to those apprentices in Delaware.

15.      On or about May 19, 2006, Tri-M submitted payroll checks to DDOL's Office of Labor Law Enforcement to make up the difference between the apprentice rates it had

paid to its six (6) Pennsylvania-registered apprentices and the substantially higher journeyman's rate that DDOL's Office of Labor Law Enforcement demanded they be paid. The total amount of Tri-M's retroactive payments to apprentices exceeded $10,000.

16.    On June 1, 2006, Mr. Nelson informed Tri-M that it had violated the Prevailing Wage Law by failing to pay full (journeyman's) wage rates to the six (6) Pennsylvania-registered apprentices, because they were not registered in Delaware. Mr. Nelson further informed Tri-M that it had brought itself into compliance by retroactively paying journeyman's wage rates to the Pennsylvania-registered apprentices. A copy of Mr. Nelson's June 1 letter to Tri-M is attached as Exhibit B.

17.    Mr. Nelson also informed Tri-M that any future purported violations might result in legal action and civil penalties. See Exhibit B.

18.    On or about May 15, 2006, Mark Weaber, Tri-M's Safety and Health Specialist, contacted Kevin Calio, DDOL's Director of Apprenticeship and Training, and asked how Tri-M could register its apprentices in Delaware.

19.    Mr. Calio informed Mr. Weaber that Tri-M's apprentices would not be allowed to register in Delaware unless Tri-M had a permanent place of business in Delaware. Mr. Calio stated that a site trailer that Tri-M had maintained in Delaware for many years did not qualify as a permanent place of business for purposes of this requirement.

20.    On June 23, 2006, Secretary Sharp confirmed in writing that DDOL will not recognize Tri-M's Pennsylvania-registered apprentices because they are not registered in Delaware and because Tri-M does not have a permanent place of business in Delaware. A copy of Secretary Sharp's June 23 letter to Tri-M's attorneys is attached as Exhibit C.

21.    To support its refusal to recognize Tri-M's Pennsylvania-registered apprentices, DDOL has relied on two regulations (the "Regulations"):  Section III.D.1.a. of the Delaware Prevailing Wage Regulations and Section 3.1 of the Delaware Apprenticeship and Training Rules and Regulations.  See Exhibit C.

22.    Section III.D.1.a. of the Prevailing Wage Regulations defines "apprentice," for purposes of the Prevailing Wage Law, as "persons who are indentured and employed in a bona fide apprenticeship program and individually registered by the program sponsor with the Delaware Department of Labor."

23.    Section 3.1 of the Delaware Apprenticeship and Training Rules and Regulations provides that, to be a registrant or sponsor of an apprenticeship program registered in Delaware, an employer must hold and maintain a permanent place of business in Delaware.

24.    Thus, DDOL has promulgated and enforced regulations that require non-Delaware contractors working on Delaware public works projects, including Tri-M, to pay journeyman's rates to their non-Delaware apprentices, while Delaware contractors on the same projects are permitted to pay substantially lower apprentice rates to their Delaware apprentices.

25.    DDOL's regulations place Tri-M and other out-of-state public works contractors at a competitive disadvantage by requiring them to pay their Pennsylvania-registered apprentices substantially higher wages than the wages that Delaware contractors are allowed to pay their Delaware apprentices.  This creates a significant disincentive for out-of-state contractors to seek work on Delaware public works projects

26.    Tri-M is a Pennsylvania-based contractor that does not have a permanent place of business, other than a site trailer, in Delaware.

27.     Tri-M plans to continue to submit bids and perform work on Delaware public works projects.

28.     Tri-M has employed, and expects to employ in the future, on public works projects in Delaware, employees who are registered in Pennsylvania apprenticeship programs but not in Delaware apprenticeship programs.

29.     Since the completion of its self-audit, Tri-M has paid the substantially higher journeyman's rates to its Pennsylvania-registered apprentices on the Project to avoid further citations and possible legal actions and penalties by DDOL, and will be forced to continue to do so unless and until DDOL's refusal to recognize Tri-M's apprentices is declared unlawful and enjoined.

## COUNT I
## VIOLATION OF COMMERCE CLAUSE

30.     Tri-M incorporates paragraphs 1 through 29 above as if fully set forth herein.

31.     The Regulations promulgated and enforced by DDOL require non-Delaware contractors working on Delaware public works projects, including Tri-M, to pay journeyman's rates to their non-Delaware apprentices, while Delaware contractors on the same projects are permitted to pay substantially lower apprentice rates to their Delaware apprentices.

32.     The Regulations promulgated and enforced by DDOL have the purpose and effect of benefiting in-state economic interests at the expense of out-of-state interests.

33.     DDOL's discriminatory treatment of out-of-state public works contractors advances no legitimate state purpose that cannot adequately be served by reasonable nondiscriminatory alternatives.

34.    DDOL's promulgation and enforcement of the Regulations against Tri-M and other out-of-state contractors who employ out-of-state apprentices unjustifiably discriminates against and burdens interstate commerce in violation of the Commerce Clause of the United States Constitution, U.S. Const. art. I, § 8, cl. 3.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS**

35.    Tri-M incorporates paragraphs 1 through 34 above as if fully set forth herein.

36.    The unlawful actions described above were committed under color of state law and have deprived Tri-M of rights secured by the United States Constitution, entitling Tri-M to an award of compensatory damages and attorneys' fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

WHEREFORE, Tri-M respectfully requests an Order:

a.    declaring the Regulations unconstitutional under the Commerce Clause of the United States Constitution, insofar as they require public works contractors to pay journeyman's prevailing wage rates to apprentices registered in states other than Delaware;

b.    preliminarily and permanently enjoining Secretary Sharp, in his capacity as Secretary of the Delaware Department of Labor, from requiring public works contractors to pay journeyman's prevailing wage rates to apprentices registered in states other than Delaware;

e.    preliminarily and permanently enjoining Secretary Sharp, in his capacity as Secretary of the Delaware Department of Labor, from initiating or maintaining enforcement proceedings of any kind against Tri-M based on findings or allegations that Tri-M

apprentices registered in Pennsylvania were improperly paid apprentice rates, and requiring the

reversal of any order or citation against Tri-M based on such findings or allegations;

     f.  awarding Tri-M compensatory damages, costs and reasonable

attorneys' fees; and

     g.  granting such other and further relief as this Court deems

appropriate.


OF COUNSEL:

Stephen J. Sundheim
Glenn A. Beard
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Dated:  September 7,  2006

/s/ M. Duncan Grant
M. Duncan Grant (Del. Bar No. 2994)
Phillip T. Mellet (Del. Bar No. 4741)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

Attorneys for Plaintiff Tri-M Group, LLC

# EXHIBIT "A"



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
The Windsor
24 N. W. Front Street
Suite 100
Milford, DE 19963

*Winner, Delaware Quality Award of Merit*

Telephone: (302) 422-1134
Fax: (302) 422-1137

**BY FAX & CERTIFIED MAIL**

May 9, 2006

Mr. Robert Gose, CFO
The Tri-M Group, LLC
P.O. Box 69
204 Gale Lane
Kennett Square, PA 19348

RE:       Department of Labor v. The Tri-M Group, LLC /FY 2006-0616
Project:  Delaware Veterans Home, Milford

Dear Mr. Gose:

As you know, I am the investigator concerning the above referenced matter. On May 4, 2006, I received the additional payroll information and daily logs I had requested from The Tri-M Group, LLC to ensure compliance with Delaware's Prevailing Wage law (29 Del. C. §6960)(c) and Prevailing Wage Regulation VII.A.3.c. Upon review of the additional payroll information, it appears that The Tri-M Group is in violation of Delaware's Prevailing Wage law (29 Del.C. §6960) and Prevailing Wage Regulation III.D.a. for **failure to pay the applicable prevailing wage rates prescribed for this project to your journeymen and apprentices,** which, according to our records, are the prevailing wage rate determinations for Kent County Building Construction that became effective on March 15, 2004.

Pursuant to our May 9, 2006, telephone conversation. The Delaware Veterans Home project has been funded by both federal and state monies. Therefore, both the federal prevailing wage law (Davis-Bacon Act) and Delaware's Prevailing Wage law (29 Del.C. §6960) apply to the project. However, the federal prevailing wage law (Davis-Bacon) does not supersede Delaware's Prevailing Wage law (29 Del.C. §6960). Rather, the employer must comply with the standard that accrues to the benefit of the employees. Delaware's Prevailing Wage law (29 Del.C. §6960)(a) states, in part, public works projects...which requires or involves the employment of mechanics and or laborers shall contain a provision stating the minimum wages to be paid to various classes of laborers and mechanics which shall be based upon the wages that will be determined by the Delaware Department of Labor, Division of Industrial Affairs, to be prevailing in the county in which the work is to be performed.

**PLAINTIFF'S EXHIBIT**

*A*

tabbies

US/09/2006   14:33   DEF   F LABOR → 916104446151                    NO.783   D003

Page 2
Mr. Gose
FY 2006-0616

A review of Tri-M Group's payroll records reveals employees are receiving less than the Kent County Electricians rate of $37.29, which is the minimum wage to be paid to employees performing electrician's tasks on the above referenced project under (29 Del.C. §6960).

In addition, Delaware's Prevailing Wage Regulation III.D.1.a. defines "apprentice" as persons who are indentured and employed in a bona fide apprenticeship program and individually registered by the program sponsor with the Delaware Department of Labor. On April 24, 2006, the Delaware Department of Labor, Office of Apprenticeship and Training, provided information that your apprentices are not registered apprentices as defined by Regulation III.D.1.a. Therefore, under Prevailing Wage Regulation III.D.2.c. Any person employed at an apprentice or trainee wage rate who is not registered as defined above, shall be paid the wage rate determined by the Department of Labor for the classification of work they actually performed.

In order to correct the apparent violations and to come into compliance with the Delaware's Prevailing Wage law (29 Del.C. §6960) and Prevailing Wage Regulations, the Department of Labor will allow The Tri-M Group, LLC the opportunity to conduct a self-audit to determine the amount of wages owed to all employees for prevailing wage deficiencies concerning all the Electrician tasks performed computed at the appropriate wage rates, for every pay period worked on the project to date. You must then forward payment to this Office in the form of separate checks made payable to the employees for the Department to distribute, [Please include copies of your actual payroll records verifying payment along with the adjustment check.]

You must also forward to us reasonable explanation as to what each payment represents and how you determined the amount of wages owed to the employee for prevailing wage deficiencies.

The Tri-M Group's written self-audit results and all of the records and information requested, and payment for the wage deficiencies must be received in this Office no later than Tuesday, May 23, 2006. Otherwise, this Office will continue its investigation and we will determine the amount of wages owed to your employee(s) for prevailing wage deficiencies.

Unless either payment (or proof of payment) to satisfy the complaint or sufficient evidence to refute the complaint is received in this Office by Tuesday, May 23, 2006, appropriate legal action may be taken by the Department of Labor, which could result in a civil penalty of not less than $1,000 nor more than $5,000 for each violation (29 Del. C. §6960).

Page 3
Mr. Gose
FY 2006-0616

If you have any questions, please do not hesitate to contact me at (302) 422-1134.

Best Regards,

*Daniel Nelson*

Daniel Nelson
Labor Law Enforcement Officer
Office of Labor Law Enforcement

Cc:    Nason Construction Company
       Ms. Sharon Butler
       100 Delaware Veterans Blvd.
       Milford, DE 19963

**EXHIBIT "B"**



STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
The Windsor
24 N. W. Front Street
Suite 100
Milford, DE 19963

*Winner, Delaware Quality Award of Merit*

Telephone: (302) 422-1134
Fax: (302) 422-1137

June 1, 2006

Mr. Robert Gose, VP
The Tri-M Group, LLC
204 Gale Lane
P.O. Box 69
Kennett Square, PA 19348

RE:       Department of Labor v. The Tri-M Group, LLC/ FY 2006-0616
Project:   Delaware Veterans Home, Milford

Dear Mr. Gose:

As may know, I am the investigator assigned to the above referenced matter. Based upon all information provided to this Office, it has been determined that the Tri-M Group, LLC was in violation of Delaware's Prevailing Wage law (29 Del.C. §6960) and Prevailing Wage Regulation III.D.2.c. **for failure to pay unregistered apprentices the full wage rates as determined by the Department of Labor for the classification of work actually performed.**

Delaware's Prevailing Wage Regulation III.D.1.a. defines **"apprentice" as persons who are indentured and employed in a bona fide apprenticeship program and individually registered by the program sponsor with the Delaware Department of Labor.** The Tri-M Group, LLC failed to pay six (6) unregistered apprentices the appropriate prevailing wage rate for work performed on the project. On May 19, 2006, this Office received payroll checks for employees Joshua M. Bush, Matthew F. Dimaio, Raymond J. Eye, Robert C. Helsel III, Chester P. Kelly II, and Michael A. Price to reconcile the deficiencies incurred as a result of paying the incorrect wage rate. Therefore, it appears you are now in compliance with Delaware's Prevailing Wage law (29 Del.C. §6960) and Prevailing Wage Regulation III.D.2.c.

Delaware's Prevailing Wage law (29 Del.C. §6960) and Prevailing Wage Regulations VII.2.c. and VII.3.c. require every contractor and subcontractor performing work on a public works project to keep and maintain certified sworn payrolls and a daily log for each employee working on the project. On May 4, 2006, the Tri-M Group, LLC submitted employee "prevailing wage and fringe valuation" sheets and "daily work installed reports" for above referenced project and relevant to the time period to establish compliance with Prevailing Wage Regulations VII.2.c. and VII.A.3.c.



PLAINTIFF'S
EXHIBIT
*B*

Page 2
Mr. Gose
FY 2006-0616

The Department of Labor, upon consultation with the Attorney General's Office, has decided not to bring legal action against you at this time for violations of Delaware's Prevailing Wage law (29 Del.C. §6960). However, future violations of any of the provisions of Delaware's labor laws may bring legal action which could result in penalties ranging from $1,000 up to and including $5,000 for each violation.

If you have any questions, please contact me at (302) 422-1134 ext. 17.

Best Regards,

*Daniel R. Nelson*

Daniel Nelson
Labor Law Enforcement Officer
Office of Labor Law Enforcement


Cc:   Ms. Sharon Butler
      Nason Construction Company
      100 Delaware Veterans Blvd.
      Milford, DE 19963

**EXHIBIT "C"**



DELAWARE
DEPARTMENT OF
**LABOR**

OFFICE OF THE SECRETARY
4425 NORTH MARKET STREET • WILMINGTON, DELAWARE • 19802 • (302) 761-8000 • FAX (302) 761-6621

*Winner, Delaware Quality Award of Merit*

June 23, 2006

Stephen J. Sundheim, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Street
Philadelphia, PA 19103-2799

RE:    Department of Labor v. Tri-M Group, LLC/FY2006-0616
       Project – Delaware Veterans Home, Milford

Dear Mr. Sundheim:

In response to your letter of June 16, 2006, the Department of Labor ("DOL") disagrees with your position that the DOL's enforcement of its denial to recognize Tri-M's Pennsylvania registered apprentices violates the Unites State Constitution. We believe that your reliance on *Strong v. Boyd* is misplaced.

<u>Background</u>

Tri-M was the successful bidder for a state project at the Delaware Veterans Homes (the "Project"). Since the Project received state funding it was subject to the provision of 29 *Del. C.* § 6960 (the "Prevailing Wage Statute"). Tri-M is required by the Prevailing Wage Statute to pay prevailing wage rates on the Project. Apparently, after discovering this fact, Tri-M inquired of the Delaware Apprenticeship and Training Program if it could use apprentices registered in Pennsylvania in order to lower its overhead costs on the project. Mr. Kevin Calio, Director Apprenticeship and Training, informed Tri-M that to be an eligible Registrant or Program Sponsor, Tri-M must be a Delaware Resident Contractor or hold and maintain a Delaware Resident Business License.

In response, Tri-M stated that it has worked in Delaware for many years at the AstraZeneca facility. Tri-M inquired whether their site trailer would suffice for the residence requirement to be an apprentice program sponsor. Mr. Calio stated that pursuant to the Apprenticeship and Training Rules and Regulations to be a Registrant or Sponsor, Tri-M must hold and maintain a permanent place of business in Delaware, not to include site trailers.[1]

---

[1] Apprenticeship and Training Rules and Regulations 3.1.



PLAINTIFF'S
EXHIBIT

C

RECEIVED JUN 2 8 2006

While Tri-M inquired about setting up an apprenticeship program, it appears that the Project was being reviewed by the DOL's Labor Law Enforcement division to confirm compliance with the prevailing wage statute. Tri-M was found to be in violation of the Prevailing Wage Statute and the Prevailing Wage Regulations for its failure to pay the applicable prevailing wage rates prescribed for the Project to its journeyman and apprentices. According to Mr. Nelson, May 9, 2006, letter, Tri-M's payroll records revealed that its employees were receiving less than the Kent County Electricians rate of $37.29, which is the minimum wage to be paid to employees performing electrician's tasks on the Project. Additionally, Tri-M was found to have non-registered apprentices on the Project. The DOL permitted Tri-M to perform a self-audit to determine the amount of wages owed to all its employees on the Project. Tri-M completed and submitted its self-audit along with a check in the amount of $10,000.00 to bring Tri-M into compliance with the Prevailing Wage Statute.

<u>Analysis</u>

Your correspondence of June 16, 2006 contains several errors. First, Mr. Nelson's refers to the definition of Apprentice in the prevailing wage regulations at III.D.1.a. which states:

> The term **"apprentice"** means person who are indentured and employed in a bona fide apprenticeship program and individually registered by the program sponsor with the Delaware Department of Labor.

You contend that this language purports to recognize only those apprentices registered with the State of Delaware. It is the program sponsor that must register its apprentices in the State of Delaware. This is not exclusionary. Tri-M could establish an apprenticeship program and register its Pennsylvania apprentices in the Delaware program. Tri-M has chosen not to adhere to the requirements to establish an apprenticeship program in Delaware. As a result, Tri-M now complains that it cannot transfer its apprentices from Pennsylvania to Delaware for its benefit on the Project.

Second, your statement that Tri-M paid the amounts necessary to compensate its Pennsylvania registered apprentices because of the threat of further action and penalties is inaccurate. Tri-M conducted its own self-audit which involved prevailing wage violations for <u>both journeyman and apprentices</u>. Tri-M determined that it was not in compliance with the Prevailing Wage statute by submitting its self audit and paying the amount it determined it had underpaid its employees on the Project. Tri-M's self-audit and payment is an admission of its violation of the Prevailing Wage Statute.

Third, your application of the holding in *Strong v. Boyd* to the present circumstances is in error. In *Strong v. Boyd*, the court found evidence that it was the "NJDOL's intent to discriminate against any out-of-state apprentice in retaliation for discrimination against New Jersey contractors aboard." 2003 U.S. Dist. LEXIS 11931, *16. Further, the court noted that NJDOL had not shown that nondiscriminatory alternatives were unavailable." *Id.* at *18.

Moreover, New Jersey's definition of apprentice is different from Delaware's. The New Jersey regulation provides "that a NJDOL or BAT[2] approved or certified apprenticeship program is all that is required." *Id.* at 22. Thus the court concluded that "registration in a SAC[3] approved, out-of-state apprenticeship program was facially valid." *Id.* at *22. The Delaware apprenticeship program clearly states that an "apprentice" is a "person [that] must enter into a written Apprenticeship Indenture Agreement with a registered apprenticeship sponsor."[4] Further, "sponsor" is defined as "any person, association, committee or organization in whose name or title the Program is (or is to be) registered or approved regardless of whether or not such entity is an Employer." *Id.* As stated previously, the Registrant or the Sponsor must be a "Delaware Resident Contractor" or hold and maintain a "Delaware Resident Business License." Lastly, "registration" refers to the "acceptance and recording of an Apprenticeship Program by the Delaware Department of Labor. *Id.* Clearly, the Delaware statute unlike the NJ statute does not recognize BAT approved apprentice programs.

The Order in *Strong v. Boyd*, enjoined the NJDOL from "denying recognition to apprentices properly registered in apprenticeship training programs approved or certified by BAT-approved State Apprenticeship Councils." 2003 WL 21523914 (D.N.J. March 26, 2003). Delaware does not recognize these apprenticeship training programs and therefore the application of the holding in *Strong v. Boyd* is not applicable. Lastly, Tri-M is aware of both the Apprenticeship and Training Rules and Regulations and the Prevailing Wage Rules and Regulations and has chosen to attempt to circumvent these rules and regulation rather than comply. Every other contractor that bid for the Project had to comply with these rules and regulations and no exception can be made for Tri-M.

Sincerely,

Thomas B. Sharp
Secretary of Labor

TBS/dsa

---

[2] U.S. Department of Labor, Bureau of Apprenticeship and Training.
[3] BAT approved State Agency or Council.
[4] DOL Apprenticeship and Training Rule and Regulations, 3.1.

06 - 556

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

APPENDIX H

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

TRI-M GROUP, LLC

### DEFENDANTS

THOMAS B. SHARP, SECRETARY, DELAWARE
DEPARTMENT OF LABOR

(b) County of Residence of First Listed Plaintiff  Chester, PA

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

M. Duncan Grant, Esquire, Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 N. Market Street, Wilmington, DE 19899-1709

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| Judgment ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☒ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Sections 1983, 1988; U.S. Constitution- Commerce Clause challenge to Delaware apprenticeship regulations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  Declaratory judgment injunction

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE  9/7/06

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6 - 5 5 6 _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____        _____
(Date forms issued)              (Signature of Party or their Representative)

                                 _____
                                 (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action