# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **TRI-M GROUP, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-556-\*\*\*** |
| | ) | |
| **THOMAS B. SHARP, SECRETARY,** | ) | |
| **DELAWARE DEPARTMENT OF** | ) | |
| **LABOR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT THOMAS B. SHARP'S
### REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/Linda M. Carmichael___
Linda M. Carmichael, I.D. #3570
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
Counsel for Defendant

DATED:  December 22, 2006

## TABLE OF CONTENTS

TABLE OF CITATIONS .................................................................................................. ii

NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1

ARGUMENT .................................................................................................................. 2

           STANDARD OF REVIEW ................................................................... 2

           a.     Federal Rule of Civil Procedure 12(b)(1) ...................................... 2

           b.     Federal Rule of Civil Procedure 12(b)(6) ...................................... 2

I.      PLAINTIFF'S COMPLAINT ASSERTED UNDER 42 U.S.C. § 1983 MUST BE DISMISSED AS THOMAS B. SHARP, SECRETARY OF LABOR IS NOT A "PERSON" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983 .................................................................................................. 3

II.     PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE SECRETARY OF LABOR SUED IN HIS OFFICIAL CAPACITY IS IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY ................................... 4

III.    EVEN IF THE SECRETARY OF LABOR HAD BEEN SUED IN HIS INDIVIDUAL CAPACITY, HE WOULD BE IMMUNE FROM SUIT UNDER THE DOCTRINE OF QUALIFIED IMMUNITY ...................... 5

IV.    DISMISSAL IS APPROPRIATE BECAUSE PLAINTIFF'S SUIT IS NOT RIPE NOR DOES PLAINTIFF HAVE STANDING ........................ 6

           a.     No actual controversy that is ripe for judicial decision exists ............ 6

           b.     Plaintiff lacks standing to bring this litigation .................................... 9

V.      PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ......................................................................................... 12

CONCLUSION ............................................................................................................. 14

## <u>TABLE OF CITATIONS</u>

<u>CASES</u>

Abbott Laboratories v. Gardner, 387 U.S. 136 (1967) ........................................................8

Artway v. Attorney General, 81 F.3d 1235 (3d Cir. 1996)..................................................6

Contractors Ass'n of Eastern Pa., Inc. v. City of Philadelphia,
    6 F.3d 990 (3d Cir. 1993).......................................................................................11

Coxson v. Commonwealth of Pennsylvania, 935 F.Supp. 624 (W.D. Pa. 1996) ...............2

Cruz v. Beto, 405 U.S. 319 (1972) .....................................................................................2

Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1 (2004)........................................6

Gregory Electric Company, Inc. v. U.S. Dep't of Labor, 268 F. Supp.
    987 (S.C. 1967)....................................................................................................9, 10

Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277 (3d Cir. 1993) ...............2

Halling v. McElroy, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied* 364 U.S. 835 (1960) .....2

Harris v. McRae, 448 U.S. 297 (1980) .............................................................................11

Hiland Dairy, Inc. v. Kroger Co.,
    402 F.2d 968 (8th Cir. 1968), cert. denied, 395 U.S. 961 (1969)............................2

Joseph Strong Inc. v. Boyd, Civ. No. 01-2914 (GEB), 2003 U.S. Dist. LEXIS 11931
(D.N.J. Mar. 26, 2003)..........................................................................................12

Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir. 1991) .................................2

Lee v. Mihalich, 847 F.2d 66 (3d Cir. 1988) .....................................................................5

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) ......................................................10

Maryland Casualty Co. v. Pacific Co., 312 U.S. 270 (1941)...........................................6, 9

Mortensen v. First Federal Savings & Loan Assoc., 549 F.2d 884 (3d Cir. 1977) ............2

Planned Parenthood of Central N.J. v. Farmer, 220 F.3d 127 (3d Cir. 2000) ................6, 8

Roe v. Wade, 410 U.S. 113 (1972) .....................................................................................7

SEC v. Medical Comm. for Human Rights, 404 U.S. 403 (1972)......................................7

Slack v. McDaniel, 529 U.S. 437 (2000).......................................................................6

Steffel v. Thompson, 415 U.S. 452 (1972) ..................................................................7

Step-Saver Data System, Inc. v. Wyse Technology, 912 F.2d 643
    (3d. Cir. 1990)......................................................................................................6, 9

Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) ............................................3, 4

United States v. Munsingwear, Inc., 340 U.S. 36 (1950) ...................................................7

STATUTES AND OTHER AUTHORITIES

United States Constitution, Eleventh Amendment ...............................................................4

29 U.S.C.A. § 50....................................................................................................................12

42 U.S.C. § 1983..................................................................................................... passim

29 Del. C. § 6960(e)..............................................................................................................8

Fed. R. Civ. P. 12(b)(1)........................................................................................................2

Fed. R. Civ. P. 12(b)(6)........................................................................................................2

29 C.F.R. 29.12....................................................................................................................12

29 C.F.R. 30.2......................................................................................................................12

Delaware Apprenticeship and Training Rules and Regulations, Section 1.2 ...................10

Delaware Prevailing Wage Regulations, Section VII(B) ...................................................7

## <u>NATURE AND STAGE OF THE PROCEEDINGS</u>

Defendant, Thomas B. Sharp's ("Defendant") Motion to Dismiss and Opening Brief in Support was filed on October 27, 2006. (D.I. Nos. 6 and 7). On December 8, 2006, Plaintiff filed an Answering Brief in Opposition to Defendant's Motion to Dismiss. (D.I. No. 9). The parties entered into a Stipulated Briefing Schedule which was approved by the Court on December 11, 2006. (D.I. No. 8). This Stipulated Briefing Schedule requires the Defendant to file his reply brief on or before December 22, 2006. This is Defendant's Reply Brief in Support of His Motion to Dismiss.

## ARGUMENT

The standard of review on this motion to dismiss is worthy of reiteration. Dismissal for lack of subject matter jurisdiction, F.R.C.P. 12(b)(1) is appropriate if the right(s) claimed by the Plaintiff are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Commonwealth of Pennsylvania*, 935 F.Supp. 624, 626 (W.D. Pa. 1996) (*citing Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1280-81 (3d Cir. 1993). The district court will accept the factual allegations of the complaint as true and will grant the motion if it finds that plaintiff cannot invoke the Court's jurisdiction on the face of the complaint. *See Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977).

Even if the plaintiff does invoke the court's jurisdiction, his complaint will still be dismissed if, on its face, the complaint fails to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). In considering a 12(b)(6) motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (*per curiam*). The Court does not have to accept as fact legal conclusions, unsupported conclusions, or sweeping legal arguments cast in the form of factual allegations. *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969); *Halling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960).

It is plaintiff's burden of persuasion when subject matter jurisdiction is challenged under Rule 12(b)(1); whereas, under 12(b)(6) the defendant bears the burden to demonstrate that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926

F.2d 1406, 1409 (3d Cir. 1991).   Under these standards, the complaint in the instant action must be dismissed because, even assuming Plaintiff's allegations as true, he failed to state the abridgement of any Constitutional right and has otherwise failed to state any claim upon which relief could be granted by this Court.   The arguments set forth in Plaintiff's Answering Brief show that his claims fail to state a claim which can survive the various defenses and immunities, therefore dismissal is mandated.

I.      **PLAINTIFF'S COMPLAINT ASSERTED UNDER 42 U.S.C. § 1983 MUST BE DISMISSED AS THOMAS B. SHARP, SECRETARY OF LABOR IS NOT A "PERSON" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983.**

Plaintiff, in its Answering Brief, abandons for the first time its prayer for relief:

**f.      awarding Tri-M compensatory damages, costs and reasonable attorney's fees**;

Complaint at 8. (D.I. No. 1).   If the Plaintiff had previously decided to abandon this requested relief the proper procedure for doing so would be to amend its complaint. Without such an amendment, the Defendant, and the Court, would be led to believe that the Plaintiff seeks the relief requested in its prayer.   Thus, the Motion to Dismiss on this issue was valid at the time it was filed, but now appears moot in light of Plaintiff's acknowledgment that such damages are not available under 42 U.S.C. § 1983.   *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68-71 & n. 10.

II.    **PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE SECRETARY OF LABOR SUED IN HIS OFFICIAL CAPACITY IS IMMUNE FROM LIABILITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DOCTRINE OF SOVEREIGN IMMUNITY.**

Likewise, it appears that the Plaintiff, in response to Defendant's second argument supporting dismissal, abandons all its claims except those that seek prospective relief. Again, the Plaintiff's prayer for relief in addition to the relief above is misleading as it seeks "the reversal of any order or citation against Tri-M." Complaint at 7-8 (D.I. No. 1). Reading this prayer for relief as broadly as possible, it clearly does not solely seek prospective relief. Answering Brief at 8-9. Whether this is Plaintiff's attempt to confuse the allegations and relief requested, or merely a result of poor drafting, the result is that the relief requested by the Plaintiff is not permissible under 42 U.S.C. § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

III.    **EVEN IF THE SECRETARY OF LABOR HAD BEEN SUED IN HIS INDIVIDUAL CAPACITY, HE WOULD BE IMMUNE FROM SUIT UNDER THE DOCTRINE OF QUALIFIED IMMUNITY**

Similarly, the Plaintiff in its Answering Brief makes it clear for the first time that it intended to sue Thomas B. Sharp in his official capacity only, not in his individual capacity. Answering Brief at 9. Plaintiff sued the Defendant and sought monetary damages. Defendant could not assume that the Plaintiff had made an error in his prayer for relief. The complaint as drafted sought monetary damages and the reversal of any order or citation against Tri-M. Complaint at 8. Since no order or citation was issued by the DOL against Tri-M, Defendant could only extrapolate from the complaint that Plaintiff was seeking some form of redress with regard to its self-audit payment to its employees. Further, since monetary damages/redress are not available under 42 U.S.C. § 1983 against the Defendant in his official capacity, Defendant out of an abundance of caution moved to dismiss the complaint as to the Defendant in his individual capacity. *Lee v. Mihalich*, 847 F.2d 66, 69 (3d Cir. 1988). Plaintiff in its Answering Brief clarified its pleading by indicating that all allegations against the Defendant are in his official capacity only. Answering Brief at 9.

5

**IV.    DISMISSAL IS APPROPRIATE BECAUSE PLAINTIFF SUIT IS NOT RIPE NOR DOES PLAINTIFF HAVE STANDING.**

As stated in the Defendant's Opening Brief, there is a long standing practice of not adjudicating constitutional issues unless necessary. *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004). Further, it is proper for the Court to dispose of case on procedural grounds prior to argument on the merits. *Slack v. McDaniel*, 529 U.S. 437, 485 (2000).

**a.    No actual controversy that is ripe for judicial decision exists.**

There is no mechanical test for determining whether an actual case or controversy is present:

> The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it were possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Casualty Co. v. Pacific Co.*, 312 U.S. 270, 273 (1941). Defendant agrees with the Plaintiff that one way to determine whether a claim is ripe is for "a court [to] weigh: (1) the hardship to the parties of withholding court consideration; and (2) the fitness of the issues for judicial review.'" *Planned Parenthood of Central N.J. v. Farmer*, 220 F.3d 127, 147 (3d Cir. 2000) (*quoting Artway v. Attorney General*, 81 F.3d 1235, 1247 (3d Cir. 1996)). Even using the Plaintiff's preferred ripeness determination standard, Plaintiff instant claim is not ripe for adjudication. *See also*, *Step-Saver Data System, Inc. v. Wyse Tech*, 912 F.2d 643, 647 (3d Cir. 1990).

6

"The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 460 n.10 (*citing Roe v. Wade*, 410 U.S. 113, 125; *SEC v. Medical Comm. for Human Rights*, 404 U.S. 403 (1972); *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). On May 19, 2006, Tri-M submitted documentation to the Delaware Department of Labor ("DDOL") setting forth its determination of wages deficiencies. Complaint, Ex. B. This documentation consisted of payroll checks for six (6) individuals. *Id.* On June 1, 2006, DDOL wrote to Tri-M stating that Tri-M was in compliance with Delaware's Prevailing Wage law. *Id.* From this date forward no actual controversy existed. No action of any kind has been taken against Tri-M since receipt of the self assessed deficiency on June 1, 2006 – some three (3) months before Plaintiff filed this action.

Tri-M states in its Answering Brief that as a result of the DDOL letter regarding non-registered apprentices it was "forced to perform a self-audit and to pay additional wages" to its apprentices. Ans. Br. at 12. This statement is disingenuous. Tri-M had the opportunity to appeal the violation found by DDOL within fifteen (15) days of receipt of DDOL's violation letter. DDOL Prevailing Wage Rules and Regulations VII (B). Tri-M had other options but <u>chose</u> to perform a self-audit and pay over additional wages to its employees.

Similarly, Tri-M's statement that DDOL threatened future legal action and civil penalties is disingenuous. The June 1, 2006 DDOL letter (Complaint - Exhibit B) stated that "future violations of the provision of Delaware's labor laws may bring legal action which could result in penalties from $1,000 up to and including $5,000 for each violation. This is merely a recitation of 29 Del. C. § 6960(e). It is pure overreaching on Tri-M's

7

part to assert a statute was a threat of future prosecution.

Lastly, Tri-M stated that it was the successful bidder on the contract for electrical work at the Delaware Veterans Home (Complaint at ¶ 8). Moreover, that it "plans to continue to submit bids and work on Delaware public works projects." Complaint at ¶ 27; Ans. Br. at 11. These statements are misleading. Tri- M did not enter into a contract with the State of Delaware for electrical work on the Delaware Veteran's Home.[1] Tri-M was a subcontractor and entered into a sub-contracting contract with Nason Construction Company to perform electrical work requested by Nason Construction Company on the project. The Delaware Veteran's Home reaches substantial completion on January 1, 2006, and the remaining work left on the project is to complete a punch list. Additionally, Tri-M does not presently have any contracts with the State of Delaware.

Plaintiff cannot meet the reviewing standards established in *Planned Parenthood*, 220 F.3d 127, 148. First, the Plaintiff cannot demonstrate a hardship to the parties of withholding court consideration as the project has reached substantial completion and presumably Tri-M has paid wages to its employees. Plaintiff also fails the second part of the ripeness test - "the fitness of issues for judicial review." *Id.* The basic rationale of ripeness "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148 (1967). This is exactly what Plaintiff is attempting to do in this litigation. There is no present controversy, let alone a "substantial controversy." Further, argued in Defendant's Opening Brief the parties do not have adverse legal interests of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland*

---

[1] After further investigation, it was determined that Tri-M did not submit a bid on the State project as previously stated in Defendant's Opening Brief in Support of His Motion to Dismiss. (Open. Br. at 4).

*Casualty Co. v. Pacific Co.*, 312 U.S. at 273.

Plaintiff's complaint is not ripe for judicial intervention. There was no actual controversy in existence after June 1, 2006, before suit was filed. Therefore, there was no realistic threat of prosecution to warrant any judicial action. "[o]ne of the primary purposes behind the Declaratory Judgment Act was to enable plaintiffs to preserve the status quo before irreparable damage was done . . . and a case should not be considered justiciable unless 'the court is convinced that [by its action] a useful purpose will be served.'" *Step-Saver*, 912 F.2d at 650. No useful purpose will be served in permitting the instant action to proceed. The Plaintiff, at the time of filing its lawsuit, was not immediately threatened with harm. Tri-M's claim is not ripe.

**b.    Plaintiff lacks standing to bring this litigation.**

Plaintiff argues that it "has not sued under the Fitzgerald Act, the Davis-Bacon Act or any other statute that was intended to protect the welfare of laborers or apprentices." Ans. Br. at 14. Instead, Plaintiff contends that it has sued under 42 U.S.C. § 1983, and clarified its position that it only seeks prospective injunctive relief. Defendant assumes that this means Plaintiff seeks to have Delaware's Apprenticeship Regulations found to be unconstitutional.

As such, Defendant maintains its argument as set forth in its Opening Brief that Plaintiff does not have standing. *Gregory Electric Company, Inc. v. U.S. Dept. of Labor*, 268 F.Supp. 987 (D.S.C. 1967) ("*Gregory Electric*"). All State Apprenticeship Council statutes are based on the Fitzgerald Act. Delaware's Apprenticeship Rules and Regulations specifically state that the purpose is to "safeguard the welfare of Apprentices and to extend the application of such standards by prescribing policies and procedures

concerning the registration of acceptable Apprenticeship Programs with the Delaware Department of Labor." Delaware Apprenticeship and Training Rules and Regulations, Section 1.2 ("Rules and Regulations"). Clearly, the Rules and Regulations are designed for the benefit of the laborers, not contractors. The facts of instant case are so strikingly similar to those in *Gregory Electric* that the same application of law should be applied to the instant action.

Not surprising Plaintiff ignores the similarities between *Gregory Electric* and the instant actions and attempts to argue constitutional standing requirements as set forth in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). In *Lujan*, the court stated that the plaintiff must show that he has (1) suffered or will imminently suffer an injury, which is (2) fairly traceable to the defendant's conduct and which is (3) likely to be redressed by a favorable federal ruling on the matter. *Id*. at 560-61. Plaintiff claims that it satisfied all the *Lujan* factors. First, it suffered an injury by the payment of the additional wages to its employees. Second, its injury was suffered because of the Defendant's Regulations, and third, that to render the regulations unconstitutional and enjoin their enforcement would redress its injuries. Plaintiff again fails in its argument.

To begin, Defendant did not impose the self audit on the Plaintiff. It was the Plaintiff's choice to perform a self audit and thus derive at the sum certain to pay its employees. Plaintiff contends that the requirement to pay was based on the Regulation and even assuming *arguendo* that point, Plaintiff fails on the third prong of *Lujan* as it cannot effectively argue its request for a prospective injunctive relief and declaratory judgment equal redress for its injuries. Plaintiff originally sought damages and the repayment of additional funds expended to its employees. After discovering that these

remedies are not available, it now contends that prospective relief is redress.  The Court should give no weight to this new alternative position.

Plaintiff in attempting to support its position cites to *Contractors Ass'n of Eastern Pa., Inc. v. City of Philadelphia*, 6 F.3d 990 (3d Cir. 1993) ("*Contractors*").   In *Contractors*, the Court was faced with nine associations of construction contractor who challenged a city ordinance on equal protection grounds.   The Court found that construction contractors had standing to challenge an ordinance when they were "able and ready" to bid on contracts and that a discriminatory policy prevented them from doing so.  *Id.* at 995.  This is not even close to the facts before the court in the present action.  Plaintiff's assertion that it suffered "just such an injury" is blatantly false.  Ans. Br. at 15.  Plaintiff was not foreclosed in any manner from entering into a subcontract with Nason Construction on the Delaware Veteran's Home Project and has not alleged that it has been denied any right to bid on any state project.  Because standing seeks to ensure a party has a "personal stake in the controversy,"  Tri-M should not be permitted to maintain its action.  *Harris v. McRae*, 448 U.S. 297 (1980).

## V.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff argues in its Answering Brief that there is a state law or regulation that is unconstitutional and invalid if it discriminates against interstate commerce.  However, the instant case arises from a state regulation that was created under a Federal Act (the Fitzgerald Act) and approved by a federal regulations.  29 CFR 29.12.   As stated in Defendant's Opening Brief in Support of His Motion to Dismiss, all federal and state apprenticeship programs are derived from the National Apprenticeship Act of 1937, 29 U.S.C.A. § 50, commonly known as the Fitzgerald Act.  For example, Delaware's State Apprenticeship Council is established pursuant to 29 CFR 29.12.   "A State Apprenticeship Council means a state apprenticeship council or other state agency in any of the 50 states, the District of Columbia, or any territory or possession of the United States, which is recognized by the Department as the appropriate agency for registering programs for Federal purposes."   29 CFR 30.2.   State Apprenticeship Council must establish rules and regulations which are approved by the U.S. Department of Labor.  29 CFR 29.12.   Simply put, Delaware's Apprenticeship Council and its Rules and Regulations are based upon and approved by federal regulation.

Next, Plaintiff argues mistakenly that an unreported District of New Jersey case is precedent on this Court.  Continuing its argument in error, Plaintiff contends that the facts of *Joseph Stong, Inc. v. Boyd*, Civ. No. 01-2914 (GEB), 2003 U.S.Dist. LEXIS 11931 (D.N.J. Mar. 26, 2003) (copy attached to Answering Brief) has "nearly" the "identical" facts as this instant action.  This is patently false.  First, New Jersey is a BAT state and Delaware is a SAC (State Apprenticeship Council) state.  Second, and most importantly,

12

the New Jersey Court found evidence that it was the "NJDOL's intent to discriminate against any out-of-state apprentice in retaliation for discrimination against New Jersey contractors abroad." Id. at *16. It was based upon that evidence that the New Jersey court ruled in the manner it did. The *Stong* facts are not even close to the facts before this Court. To state that the facts are "nearly" "identical" is deliberately misleading this Court.

Plaintiff cannot maintain his Commerce Clause claim. Tri-M made a business judgment to enter into a subcontractor agreement with Nason construction. The Delaware Department of Labor did not interfere or restrain Tri-M from entering into any business dealing in the State of Delaware. There is no restraint of trade and therefore no commerce clause claim should stand. If there is no violation of the Commerce Clause, the case must be dismissed as this Court no longer has jurisdiction.

Plaintiff admits in its Answering Brief that it seeks only prospective injunctive relief – no damages. Without a federal question, Plaintiff's complaint under 42 U.S.C. § 1983 cannot be maintained on diversity alone as the complaint does not meet the necessary dollar amount in controversy.

## <u>CONCLUSION</u>

Based upon the foregoing arguments, Thomas B. Sharp, Secretary of Delaware Department of Labor respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's complaint for the reasons set forth herein.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

<u>/s/Linda M. Carmichael</u>
Linda M. Carmichael, I.D. #3570
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
Counsel for Defendant

DATED:  December 22, 2006

I:\ALABOR\CARMICHAEL\Tri-M Group, LLC\Motion to Dismiss - Reply Brief v2.doc

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2006, I caused to be electronically filed

Defendant Thomas B. Sharp, Secretary Delaware Department of Labor's Reply Brief in

Support of His Motion to Dismiss with the Clerk of the Court using CM/ECF.   In

addition, two copies were sent via U.S. Mail to the following:


      M. Duncan Grant, Esquire
      Phillip T. Mellett, Esquire
      Pepper Hamilton LLP
      Hercules Plaza, Suite 5100
      1313 N. Market Street
      P.O. Box 1709
      Wilmington, DE  19899-1709


      By: /s/ Linda M. Carmichael
      Linda M. Carmichael I.D. #3570
      Deputy Attorney General
      Carvel State Office Building
      820 North French Street, 6th Flr.
      Wilmington, DE 19801
      (302) 577-8400
      linda.carmichael@state.de.us
      Attorney for Defendant
      Thomas B. Sharp, Secretary
      Department of Labor