

**JOSEPH R. BIDEN, III**
ATTORNEY GENERAL

DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
TTY (302) 577-5783

December 4, 2007

The Honorable Mary Pat Thynge
U.S. District Court
For the District of Delaware
844 North King Street, Room 4209
Lock Box 8
Wilmington, DE 19801

      RE:    Tri-M Group, LLC v. Thomas B. Sharp, Secretary, Delaware Dept. of Labor
             C.A. No. 06-556 ***       **TELECONFERENCE – 12/7/07 2:30 PM**

Dear Magistrate Thynge:

      Defendant, Thomas B. Sharp, writes to the Court seeking assistance in obtaining adequate responses to discovery requests in the above referenced action. As you are aware, the Defendant filed a Motion to Dismiss in the instant action. The Court, on March 27, 2007, issued a scheduling order to proceed leaving the Motion to Dismiss pending for determination later. On August 28, 2007 an Amended Scheduling Order was entered which extended the time for discovery, expert reports and dispositive motions.[1]

      On July 31, 2007 the Defendant propounded Interrogatories to the Plaintiff and on July 17, 2007 Defendant issued his First Request for Production of Documents directed to the Plaintiff. The Plaintiff supplied written objections and responses to the discovery requests on August 20, 2007. Plaintiff provided the actual documents responsive to Defendant's First Request for Production on August 22, 2007. On September 26, 2007, Plaintiff supplemented its responses to Defendant's Request for Production with the production of two (2) additional documents. On October 15, 2007, Defendant's counsel wrote to Plaintiff's counsel requests that he correct a number of deficiencies in his discovery responses. Plaintiff's counsel responded to Defendant's October 15, 2007 letter on October 26, 2007 maintaining its objections as originally stated.

      Plaintiff's complaint alleges a violation of the dormant commerce clause. However, Plaintiff when asked to produce documents related to this allegation limits its responses to documents it alone believes to be relevant. Plaintiff's Complaint alleges discrimination in the failure to recognize out of state apprentices (Complaint at ¶ 1). Plaintiff maintains an apprenticeship program registered with the Pennsylvania Apprenticeship and Training Council (PATC) (Complaint at ¶ 6), that its Apprentices are individually registered with PATC pursuant

---

[1] The August 28, 2007 Amended Scheduling Order set the discovery deadline for December 31, 2007, the Expert Deadline for November 1, 2007 and December 3, 2007 respectfully and the case dispositive motion deadline for March 17, 2008.

to individual apprenticeship agreements (Complaint at ¶ 7). Plaintiff also asserts that it "was the successful bidder on the [ ] Project." (Complaint at ¶ 8). Additionally, Plaintiff alleges that it "continue[s] to submit bids and perform on Delaware public works projects." (Complaint at ¶ 27). Lastly, that Plaintiff "has employed, and expects to employ in the future, on public works projects in Delaware, employees who are registered in Pennsylvania apprenticeship programs but not in Delaware apprenticeship programs." (Complaint at ¶ 29). Plaintiff submits that the Defendant's Apprenticeship program violates the commerce clause in that it has "the purpose and effect of benefiting in-state economic interests at the expenses of out-of-state interests." (Complaint at ¶ 32).

     Specifically, Defendant's Request for Production ("RFP") No. 1 requested "[a]ny and all documents and tangible things referred to in Plaintiff's complaint in this matter." Plaintiff responded that the request was "overly broad, unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Further, that with regard to the production of Plaintiff's payroll records, such request was "unnecessary and unduly burdensome in that the Defendant already has such payroll records in its possession as a result of its investigation of Plaintiff." Without waving those objections the Plaintiff did agree to produce "Plaintiff's apprenticeship standards in effect during the relevant time period; individual apprenticeship agreements for Plaintiff's [PA] registered apprentices who worked on the Delaware Veteran's Home; Plaintiff's subcontract for its work at the Delaware State Veterans Home; the letters attached to the Complaint; the payroll check referenced in the Complaint; and the two prevailing wage regulations cited in the Complaint." Plaintiff maintains that apprenticeship agreements for apprentices that work on other projects are not relevant. However, the complaint specifically states that the Plaintiff intends to employ such apprentices on Delaware public works projects in the future. (Complaint at ¶ 29). Defendant contends that the Plaintiff should not be permitted to produce limited payroll records and apprenticeship agreements related to the Project but all of Plaintiff's payroll records and apprenticeship agreements should be produced. These documents are clearly relevant to the dormant commerce clause claim raised by the Plaintiff.

     With regard to RFP No. 5, Defendant requested that Plaintiff produce "[a]ny and all documents relating to Plaintiff's contract(s) or agreement(s) for the performance of any work and/or services for any entity in the State of Delaware. Plaintiff objected on the grounds that the request was "overly broad, unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Plaintiff again only produced the prevailing wage determination, bid and subcontract for the Delaware Veterans Home Project. After Defendant's letter of October 15, 2007, Plaintiff maintained its original objection and stated that "requiring Plaintiff to produce all documents relating in any way to every one of the hundreds of projects, both private and public, it has ever performed in Delaware is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." This response contradicts that basis of Plaintiff's complaint and the allegation that Delaware's apprenticeship program "creates a significant disincentive for out-of-state contractors to seek work on Delaware public works projects." (Complaint at § 25). The production of contracts and agreements may lead to additional discovery to determine the economic posture of the Plaintiff in contracting in the State of Delaware. Therefore, RFP No. 5 is relevant and the court should order that the Plaintiff produce the documents.

      With regard to RFP No. 10, Defendant requested that Plaintiff produce "[a]ny and all documents relating to any apprenticeship program in which Plaintiff is a sponsor or maintains apprentices." Plaintiff objected because the request was "overly broad, unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Without waiving that objection Plaintiff produced its apprenticeship standards in effect during the relevant time period; individual apprenticeship agreements for the apprentices that worked on the Project and documents evidencing the registration or approval of Plaintiff's apprenticeship program. After Defendant's letter of October 15, 2007, Plaintiff maintained its original objection and requested Defendant identify a specific category of documents, which it believed to be potentially relevant. On November 9, 2007, Plaintiff sent a supplemental response referencing documents produced by the Defendant to the Plaintiff related to the Plaintiff's apprenticeship program in Delaware. Plaintiff has not provided all documentation related to its Pennsylvania apprentice program. Such documents should be produced. Without the production of such documents Defendant is unable to determine the similarities and/or differences of Plaintiff's Pennsylvania apprenticeship program as compared to a Delaware program. Again, Plaintiff has put the apprenticeship program at issue but refused to provide documentation to permit the Defendant to review and prepare its defense.

      Plaintiff filed an action against the Secretary of Labor alleging violations of the dormant commerce clause but asserts that any documentation other than the documentation that specifically relates to the Project that was the subject of labor law investigation is irrelevant. Moreover, Plaintiff in its answering brief in opposition to Defendant's Motion to Dismiss contends that Delaware's apprenticeship program has a discriminatory effect on out of state contractors because of the competition disadvantage when they are required to pay higher apprenticeship wages. The documents sought by Defendant are relevant to the issues to which the Plaintiff seeks this Court to rule. To not permit discovery on these issues leaves the Defendant at a clear disadvantage in the litigation process. Although, Defendant's witnesses were questioned during deposition relating to the economic impact that Delaware's apprenticeship program has on out-of-state sponsors of apprenticeship programs, Plaintiff asserts that the bidding documents, which would show the effect of such alleged economic impact, are irrelevant. Plaintiff should be ordered to produce documents responsive to RFP Nos. 1, 5 and 10. Further, Defendant should be permitted additional time to review this production before deposing Plaintiff's witnesses.

      As always, counsel is available at the convenience of the court.

Respectfully submitted,

Linda M. Carmichael

cc:    Glenn Beard, Esquire (via U.S. Mail)