# Pepper Hamilton LLP
Attorneys at Law

Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
302.777.6500
Fax 302.421.8390

Matthew A. Kaplan
direct dial: (302) 777-6528
kaplanm@pepperlaw.com

December 6, 2007

**Via ECF**

The Honorable Mary Pat Thynge
J. Caleb Boggs Federal Building
844 N. King Street
Room 6100, Lockbox 8
Wilmington, DE 19801

> Re:  TRI-M Group, LLC v. Thomas B. Sharp, Secretary, Delaware
> Department of Labor
> United States District Court for the District of Delaware
> C.A. No. 06-556-***

Dear Magistrate Judge Thynge:

We represent Plaintiff, Tri-M Group, LLC ("Tri-M"), in the above-referenced case. This is Tri-M's response to Defendant's December 4, 2007 letter request that Tri-M be ordered to provide additional responses to Defendant's First Request for Production of Documents (the "RFP"). Tri-M respectfully submits that Defendant's request should be denied for the following reasons.

As a threshold matter, the Court should be aware of the nature of counsel's previous correspondence regarding this discovery dispute. On October 15, 2007, Defendant's counsel, Linda Carmichael, wrote a short and conclusory letter to Tri-M's counsel, Glenn Beard, requesting that Tri-M correct some alleged deficiencies in its response to the RFP. As to the requests at issue here (RFP Nos. 1, 5 and 10), Ms. Carmichael stated only that Tri-M's objections were without merit and that "[t]he production of responsive documents will likely lead to admissible evidence and, as such, should produced forthwith."

Mr. Beard provided Tri-M's response in a letter to Ms. Carmichael dated October 26, 2007. Tri-M generally maintained its objections to the relevance and breadth of the requests and explained the bases for its objections. However, in an attempt to resolve the dispute without Court intervention, Tri-M expressly invited Ms. Carmichael to identify the categories of documents she believed were discoverable and had not been produced and to explain why she believed they were discoverable. Instead of engaging in a dialogue to attempt to resolve the dispute, Defendant requested a conference with the Court.

RFP No. 1: "Any and all documents and tangible things referred to in Tri-M's complaint in this matter." In response to this request, Tri-M produced all relevant and potentially relevant documents referenced in the Complaint, specifically: Tri-M's apprenticeship standards;

**Pepper Hamilton LLP**
Attorneys at Law

The Honorable Mary Pat Thynge
Page 2
December 6, 2007

individual apprenticeship agreements for Tri-M's apprentices who worked on the Delaware State
Veterans Home project ("DSVH"); Tri-M's subcontract for its work at DSVH; the letters attached to
the Complaint; the payroll checks referenced in the Complaint; and the two prevailing wage
regulations cited in the Complaint. The only documents referenced in the Complaint that Tri-M did
not produce were (1) the payroll records that it previously had provided Defendant during
Defendant's investigation of DSVH and (2) the apprenticeship agreements for apprentices who did
not work on DSVH (the Complaint did not refer to these agreements specifically but did refer to Tri-
M's apprenticeship agreements in general). As to these documents, Tri-M objected on the basis that
the request is overly broad, unduly burdensome and neither relevant nor reasonably calculated to lead
to the discovery of admissible evidence. The contents of the payroll records are not at issue, as no
one is disputing the accuracy of Defendant's conclusion that Tri-M's apprentices at DSVH were not
paid the journeyman's rate. The issue is whether Defendant's promulgation of regulations requiring
the payment of journeyman's rates to these apprentices impermissibly burdens interstate commerce.
Further, Tri-M already had provided the DSVH payroll documents to Defendant and Defendant still
has those documents. Notably, Defendant does not dispute either of these points regarding the
payroll records and offers the Court no reason why their production should be required. In addition,
apprenticeship agreements for apprentices who worked exclusively on projects other than DSVH *and
may never have worked in Delaware at all* are not relevant or potentially relevant to this action,
which relates only to DSVH and other public works projects in Delaware. Defendant's only
argument concerning the apprenticeship agreements is that Tri-M alleges it intends to employ
apprentices on Delaware public works projects in the future. But apprenticeship agreements have no
bearing on this allegation or on whom Tri-M will employ in the future; they reflect nothing other
than an individual apprentice's registration with the Pennsylvania Apprenticeship and Training
Council. Defendant does not dispute that Tri-M's apprentices are so registered. Thus, Tri-M has
provided a sufficient response to RFP No. 1.

       RFP No. 5: "Any and all documents relating to Plaintiff's contract(s) or agreement(s)
for the performance of any work and/or services for any entity in the State of Delaware, including but
not limited to all contracts, invoices, bids, correspondence relating to the work performed by the
Plaintiff on the Delaware Veterans Home." In response to this request, Tri-M produced the
applicable prevailing wage determination and Tri-M's bid and subcontract for DSVH. Tri-M
otherwise objected to the breadth, relevance and burdensomeness of the request, in that it would
require Tri-M to produce thousands of pages of documents from hundreds of projects, both public
and private, it has performed in Delaware during the company's existence. Defendant's only
argument here is that Tri-M alleges that Defendant's regulations create a disincentive for out-of-state
contractors to seek work on Delaware *public works* projects. Defendant asserts that the production of
contracts and agreements may lead to additional discovery in this regard. But the request seeks not
only contracts and agreements but also any and all documents "relating to" contracts and agreements,
a category that could encompass virtually every document generated in connection with any Tri-M
project in Delaware. Further, the request is not limited in time or to the public works projects that are

Pepper Hamilton LLP
Attorneys at Law

The Honorable Mary Pat Thynge
Page 3
December 6, 2007

the subject of the referenced allegation. Tri-M should not be required to provide a further response to RFP No. 5 in its current form.

RFP No. 10: "Any and all documents relating to any apprenticeship program in which Plaintiff is a sponsor or maintains apprentices." In response to this request, Tri-M produced its apprenticeship standards in effect during the relevant time period, individual apprenticeship agreements for Tri-M's apprentices who worked at DSVH, and other documents evidencing the registration or approval of Tri-M's apprenticeship program with or by the Pennsylvania Apprenticeship and Training Council and the Bureau of Apprenticeship and Training. Defendant was already in possession of Tri-M's apprenticeship standards that were registered in Delaware in the 1990s and individual apprenticeship agreements for Tri-M's apprentices who were registered in Delaware during that time period. Tri-M otherwise objected to this request in that requiring it to produce all documents relating in any way to its apprenticeship programs is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant contends that without further "documentation related to [Tri-M's] Pennsylvania apprentice program, . . . Defendant is unable to determine the similarities and/or differences of Plaintiff's Pennsylvania apprenticeship program as compared to a Delaware program." First, Defendant does not identify what sort of additional documentation might be relevant. Second, the request is not limited in time or to Tri-M's Pennsylvania program. Third, and most importantly, the asserted basis for the request is untenable given the deposition testimony of Defendant's 30(b)(6) witness designated as most knowledgeable on the subject of the apprenticeship regulations at issue. Kevin Calio, Defendant's Manager of Apprenticeship and Training, testified that the enforcement of the challenged regulations has "nothing to do with the content or quality of another state's program." Thus, Tri-M has provided a sufficient response to RFP No. 10 as well.

For the foregoing reasons, Tri-M respectfully requests that the Court deny Defendant's request for an order compelling further responses to RFP Nos. 1, 5 and 10.

Respectfully,

Matthew A. Kaplan (#4956)

Stephen J. Sundheim (*pro hac vice*)
Glenn A. Beard (*pro hac vice*)

cc:    Linda Carmichael, Esquire (via ECF)